# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PREVENT U.S.A. CORPORATION, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00506-JRG-RSP |
| § | |
| VOLKSWAGEN, AG and VOLKSWAGEN § | |
| GROUP OF AMERICA, INCORPORATED, § | |
| § | |
| *Defendants*. § | |
| § | |

## DOCKET CONTROL ORDER

In accordance with the scheduling conference, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court.

| | |
|---|---|
| **October 28, 2024** | Jury Selection – 9:00 a.m. in Marshall, Texas before Judge Rodney Gilstrap |
| **October 10, 2024** | Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Roy Payne |
| **October 1, 2024** | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations. |
| **September 30, 2024** | Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires[1] |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

| | |
|---|---|
| **September 30, 2024** | File Motions *in Limine* <br><br> The parties are ordered to meet and confer on their respective motions *in limine* and advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| **September 30, 2024** | File Notice of Request for Daily Transcript or Real Time Reporting. <br><br> If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| **September 25, 2024** | Serve Pretrial Objections |
| **September 11, 2024** | Serve Pretrial Disclosures |
| **September 11, 2024** | Response to Dispositive Motions (including *Daubert* Motions).[2] Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56. |
| **August 28, 2024** | File Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions). <br><br> No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| **August 28, 2024** | Defendant to Identify and Give Notice of Trial Witnesses |
| **August 21, 2024** | Plaintiff to Identify and Give Notice of Trial Witnesses |
| **August 14, 2024** | File Response to Amended Pleadings |
| **August 14, 2024** | Mediation to be completed |
| **August 9, 2024** | File Amended Pleadings <br> (It is not necessary to file a Motion for Leave to Amend before the |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(e) provides that a party opposing a motion has 14 days, in addition to any added time permitted under Fed. R. Civ. P. 6(d), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| | |
|---|---|
| | deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.) |
| **July 31, 2024** | Completion of Discovery |
| **July 22, 2024** | Defendant to Disclose Expert Witnesses[3]<br><br>Expert witness report due<br><br>Refer to Local Rules for required information |
| **May 24, 2024** | Plaintiff to Disclose Expert Witnesses[4]<br><br>Expert witness report due<br><br>Refer to Local Rules for required information |
| **May 3, 2024** | Completion of Fact Discovery |
| **April 26, 2024** | File Motions to Compel Discovery |
| **April 25, 2024** | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **March 21, 2024** | Join Additional Parties |
| **October 31, 2023** | Additional Disclosures as set forth in the Discovery Order, Dkt. 31, ¶ 3 |
| **August 10, 2023** | Initial Disclosures as set forth in the Discovery Order, Dkt. 31, ¶ 1 |
| **August 2, 2023** | File Proposed Protective Order<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| **July 19, 2023** | File Proposed Discovery Order<br><br>The Proposed Discovery Order shall be filed with the caption indicating whether or not the proposed order is opposed in any part. |

---

[3] Plaintiffs who are also Counterclaim Defendants, as well as third-party Counterclaim Defendants, shall designate Expert Witnesses specific to such counterclaims at this deadline.

[4] Defendants who are also Counterclaim Plaintiffs shall designate Expert Witnesses specific to such counterclaims at this deadline.

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.
2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).
3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:
   (a) The fact that there are motions for summary judgment or motions to dismiss pending;
   (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
   (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.
4. Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.
5. Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.
6. **Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel.

**SIGNED this 4th day of July, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE