**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| PREVENT U.S.A. CORPORATION, | No. 2:22-cv-00506-JRG-RSP |
| Plaintiff, | Honorable Rodney Gilstrap |
| v. | Chief District Court Judge |
| VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INCORPORATED, | Honorable Roy S. Payne Magistrate Judge |
| Defendants. | |

**DEFENDANTS' OBJECTIONS TO THE
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Michael Smith
State Bar No. 18650410
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
Tel: (903) 938-8900
michael.smith@solidcounsel.com

Sharon L. Nelles (admitted *pro hac vice*)
Steven L. Holley (admitted *pro hac vice*)
Suhana S. Han (admitted *pro hac vice*)
Leonid Traps (admitted *pro hac vice*)
Jessica H. Goldman (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
nelless@sullcrom.com
holleys@sullcrom.com
hans@sullcrom.com
trapsl@sullcrom.com
goldmanj@sullcrom.com

*Counsel for Defendants*

July 7, 2023

**TABLE OF CONTENTS**

*Page*

INTRODUCTION ..................................................................................................................1

I. OBJECTIONS TO *FORUM NON CONVENIENS* RECOMMENDATIONS ....................3

    A.    *Mitsui*, as Cabined by the Fifth Circuit, Does Not Apply Here. ...............................3

    B.    The R&R Did Not Give the Prior *Prevent* Decisions Their Proper Preclusive Effect as to *Forum Non Conveniens*. ......................................................6

II. OBJECTIONS TO FTAIA RECOMMENDATIONS............................................................8

    A.    Prior *Prevent* Decisions Are Preclusive as to the FTAIA..........................................8

    B.    The FTAIA Requires Dismissal of Plaintiff's Claims. .............................................9

III. OBJECTIONS TO RECOMMENDATIONS REGARDING FAILURE TO STATE A CLAIM ........................................................................................................10

    A.    The R&R Recognizes Unprecedented and Implausible Theories of Antitrust Standing and Unreasonable Restraints of Trade.....................................10

    B.    The R&R Improperly Credits Plaintiff's Gerrymandered Market Definition. ................................................................................................................11

    C.    Plaintiff's State Common Law Claims Should Be Dismissed. ...............................12

IV. OBJECTIONS TO PERSONAL JURISDICTION RECOMMENDATION .....................12

CONCLUSION................................................................................................................12

## TABLE OF AUTHORITIES

*Page(s)*

### CASES

*In re Air Crash Disaster Near New Orleans*,
  821 F.2d 1147 (5th Cir. 1987) (*en banc*), *vacated on other grounds by* 490
  U.S. 1032 ................................................................................................................4, 5, 6

*ASAP Paging Inc.* v. *CenturyTel of San Marcos*,
  137 F. App'x 694 (5th Cir. 2005) ....................................................................................10, 11

*Baumgart* v. *Fairchild Aircraft Co.*,
  981 F.2d 824 (5th Cir. 1993) ..................................................................................................5

*Camejo* v. *Ocean Drilling & Expl.*,
  838 F.2d 1374 (5th Cir. 1988) ................................................................................................4

*Cap. Currency Exch., N.V.* v. *Nat'l Westminster Bank PLC*,
  155 F.3d 603 (2d Cir. 1998)....................................................................................................4

*Cont'l Ins. Co.* v. *Laneco Constr. Sys., Inc.*,
  1995 WL 468169 (E.D. La. Aug. 7, 1995) .............................................................................6

*Den Norske Stats Oljeselskap As* v. *HeereMac Vof*,
  241 F.3d 420 (5th Cir. 2001) ...............................................................................................8, 9

*DeShazo* v. *Nations Energy Co.*,
  286 F. App'x 110 (5th Cir. 2008) ................................................................................7, 9, 12

*Domed Stadium Hotel, Inc.* v. *Holiday Inns, Inc.*,
  732 F.2d 480 (5th Cir. 1984) ................................................................................................11

*DTEX, LLC* v. *BBVA Bancomer, S.A.*,
  508 F.3d 785 (5th Cir. 2007) ..................................................................................................7

*GESPA Nicaragua, S.A.* v. *Inabata Eur., GmbH*,
  2019 WL 7340304 (W.D. Tex. Dec. 30, 2019) ......................................................................8

*Gonzalez* v. *Naviera Neptuno A.A.*,
  832 F.2d 876 (5th Cir. 1987) ..................................................................................................5

*Haynsworth* v. *Lloyd's of London*,
  933 F. Supp. 1315 (S.D. Tex. 1996), *aff'd*, 121 F.3d 956 (5th Cir. 1997) ..............................4

*Howe* v. *Goldcorp Invs., Ltd.*,
  946 F.2d 944 (1st Cir. 1991) ...................................................................................................4

## TABLE OF AUTHORITIES
## (cont.)

*Page(s)*

*Indus. Inv. Dev. Corp.* v. *Mitsui & Co.*,
 671 F.2d 876 (5th Cir. 1982), *vacated*, 460 U.S. 1007 (1983) ............................................2, 4

*Inmar Rx Sols., Inc.* v. *Devos, Ltd.*,
 786 F. App'x 445 (5th Cir. 2019) ..............................................................................................12

*Kempe* v. *Ocean Drilling & Expl. Co.*,
 683 F. Supp. 1064 (E.D. La. 1988), *aff'd*, 876 F.2d 1138 (5th Cir. 1989) ................................4

*Kempe* v. *Ocean Drilling & Expl. Co.*,
 876 F.2d 1138 (5th Cir. 1989) ..............................................................................................4, 5

*In re Lloyd's Register N. Am., Inc.*,
 780 F.3d 283 (5th Cir. 2015) ......................................................................................................6

*Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc.*,
 473 U.S. 614 (1985)....................................................................................................................4

*Piggly Wiggly Clarksville, Inc.* v. *Interstate Brands*,
 83 F. Supp. 2d 781 (E.D. Tex. 2000) .........................................................................................8

*Piper Aircraft Co.* v. *Reyno*,
 454 U.S. 235 (1981)....................................................................................................................4

*Prevent DEV GmbH* v. *Adient PLC*,
 2021 WL 5585917 (E.D. Mich. Nov. 30, 2021) ............................................................. passim

*Prevent USA Corp.* v. *Volkswagen AG*,
 17 F.4th 653 (6th Cir. 2021) ................................................................................................ passim

*Prevent USA Corp.* v. *Volkswagen AG*,
 2021 WL 1087661 (E.D. Mich. Mar. 22, 2021) ............................................................. passim

*Spectators' Commc'n Network Inc.* v. *Colonial Country Club*,
 253 F.3d 215 (5th Cir. 2001) ....................................................................................................11

*Stewart Glass & Mirror, Inc.* v. *U.S. Auto Glass Disc. Ctrs., Inc.*,
 200 F.3d 307 (5th Cir. 2000) ....................................................................................................12

*Tampa Elec. Co.* v. *Nashville Coal Co.*,
 365 U.S. 320 (1961)..................................................................................................................11

# TABLE OF AUTHORITIES
## (cont.)

*Page(s)*

*United States* v. *Nat'l City Lines, Inc.*,
  334 U.S. 573 (1948) ................................................................................................3

*Vasquez* v. *Bridgestone/Firestone, Inc.*,
  325 F.3d 665 (5th Cir. 2003) ...................................................................................7

*Villar* v. *Crowley Maritime Corp.*,
  990 F.2d 1489 (5th Cir. 1993), *abrogated on other grounds*, 145 F.3d 211 (5th
  Cir. 1999) .................................................................................................................7

*Yamaha Corp. of Am.* v. *United States*,
  745 F. Supp. 734 (D.D.C. 1990), *aff'd*, 961 F.2d 245 (D.C. Cir. 1992) ...................7

## STATUTES AND RULES

15 U.S.C. § 6a ...................................................................................................................8

28 U.S.C. § 1292(b) .............................................................................................3, 5, 6, 12

Fed. R. Civ. P. 72(b) .........................................................................................................3

## INTRODUCTION

As noted by Magistrate Judge Payne, this case is "the third chapter of an ongoing litigation saga" between Prevent Group, an automotive parts supplier based in Europe, and Volkswagen AG ("VWAG"). (ECF No. 43 ("R&R") at 1.) Chapter one began in 2016 when Prevent Group stopped supplying parts to VWAG and demanded millions of euros in additional payments, triggering production stoppages and prompting more than a dozen litigations in Germany, several of which remain ongoing. (ECF No. 4-1 at 2; ECF No. 20 ("MTD") at 6-8.) Those German actions, including ones asserting antitrust claims against VWAG based on a purported effort to "block[]" Prevent Group from acquiring other parts suppliers in North America and elsewhere (ECF No. 20-3 ¶ 23), have not gone well for Prevent Group. The German courts have repeatedly rejected Prevent Group's claims, holding that VWAG's conduct was a "legitimate," "good cause" "reaction to the illegal threat" of an "unreliable" supplier, and not anticompetitive. (MTD at 6-8.)

As a result, in 2019, Prevent Group launched chapter two in the Eastern District of Michigan. Through Prevent USA, Prevent Group asserted antitrust and business tort claims against VWAG and its U.S. subsidiary, Volkswagen Group of America, Inc. ("VWGoA"), again based on the theory that VWAG blocked Prevent Group from acquiring other parts suppliers, with VWGoA substantively mentioned in only one paragraph. ("*Prevent I*"). Notably, Prevent USA neither manufactures nor sells automotive parts itself; it is instead a "scouting party" allegedly "formed specifically to facilitate potential acquisitions" "for the Prevent Group." *Prevent I*, 2021 WL 1087661, at *1, 11 (E.D. Mich. Mar. 22, 2021) (Ex. 1). Then, in 2020, another Prevent Group affiliate, Prevent DEV GmbH, filed another action in Michigan federal court asserting antitrust and business tort claims against VWAG (and a VWAG executive and two suppliers) based on an alleged boycott of Prevent Group ("*Prevent II*").

The court in *Prevent I* held that Prevent USA's claims belong in Germany, not the United

States, and dismissed on the basis of *forum non conveniens*. 2021 WL 1087661, at *11, 17. Prevent USA appealed, urging the Sixth Circuit to adopt a categorical rule against dismissing antitrust claims on the basis of *forum non conveniens*, relying on reasoning set forth in *Industrial Investment Development Corp.* v. *Mitsui & Co.*, 671 F.2d 876 (5th Cir. 1982), *vacated*, 460 U.S. 1007 (1983). A three-judge panel unanimously rejected that argument. 17 F.4th 653 (6th Cir. 2021) ("*Prevent I App.*") (Ex. 2). Prevent USA did not seek review from the Supreme Court. Shortly thereafter, the *Prevent II* court dismissed that action based on *forum non conveniens* and the Foreign Trade Antitrust Improvements Act ("FTAIA"), also in favor of Germany. 2021 WL 5585917, at *17 (E.D. Mich. Nov. 30, 2021) (Ex. 3). There was no appeal.

Rather than refile in Germany, where the *Prevent I* and *II* courts determined these claims should be litigated, Prevent USA brought this action ("*Prevent III*"), again expressly on behalf of "the Prevent Group." (ECF No. 4 ("AC") ¶ 35.) *Prevent III* is a copy and paste mashup of *Prevent I* and *II*, with the only meaningful difference being that Prevent USA reincorporated in Sugar Land, Texas in April 2022, presumably to avail itself of this forum. Indeed, when pressed by Magistrate Judge Payne, Plaintiff could identify only three allegations in the *Prevent III* Complaint that do not appear in the two prior complaints. (Ex. 4 at 44:19-25.)

Defendants moved to dismiss on grounds of issue preclusion, *forum non conveniens*, the FTAIA, failure to state a claim, and lack of personal jurisdiction over VWAG. (ECF Nos. 20, 27.) Magistrate Judge Payne recommended denial of the motion, concluding that *Mitsui* established a "*per se* rule that antitrust cases cannot be dismissed based on *forum non conveniens.*" (R&R at 7.) *Mitsui*, however, has never been applied so broadly by any court in this Circuit. To the contrary, whenever raised, courts in this Circuit have cabined *Mitsui* to a more narrow proposition: ***that antitrust cases cannot be dismissed in favor of foreign forums if those forums lack comparable***

*antitrust laws and deprive the plaintiff of any effective remedy*. That is not a concern here, because, as prior *Prevent* decisions confirm and Plaintiff does not contest, Germany has sophisticated antitrust laws and is an adequative alternative forum. Defendants thus respectfully object to the R&R because of its reliance on *Mitsui*. Defendants also seek *de novo* review of the R&R's recommendations as to Defendants' other arguments for dismissal. Fed. R. Civ. P. 72(b). To the extent the Court adopts the R&R, Defendants respectfully submit that certification under 28 U.S.C. § 1292(b) regarding the status and application of *Mitsui* is appropriate and necessary.[1]

**I.     OBJECTIONS TO *FORUM NON CONVENIENS* RECOMMENDATIONS**

**A.     *Mitsui*, as Cabined by the Fifth Circuit, Does Not Apply Here.**

The claims at issue here, as found by two district courts and the Sixth Circuit, involve foreign entities and foreign conduct. The R&R, however, concludes that there is a categorical prohibition in *Mitsui* on *forum non conveniens* dismissals in antitrust cases, and thus, the case cannot be "dismissed under *forum non conveniens*." (R&R at 9.) That broad reading of *Mitsui* cannot be squared with subsequent Fifth Circuit precedent.

*Mitsui*, decided in 1982, reversed the dismissal of an antitrust case in favor of Indonesian courts. *Mitsui* stated that the "common law doctrine of *forum non conveniens* is inapplicable to suits brought under the United States antitrust laws," because (i) those suits implicate a broad venue provision under the Clayton Act, and (ii) an abrogated Supreme Court decision, *United States* v. *National City Lines, Inc.*, 334 U.S. 573 (1948), had interpreted that venue provision as barring a government antitrust case brought in one district from being dismissed in favor of a

---

[1] As discussed further below, interlocutory review on this question is especially necessary because a defendant's entitlement to a *forum non conveniens* dismissal ordinarily cannot be vindicated through the regular appeals process. Defendants are prepared to submit further briefing on their § 1292(b) request should the Court find that helpful.

different district. 671 F.2d at 890. Since then, the First, Second, and Sixth Circuits all expressly rejected *Mitsui*'s reasoning,[2] and the Supreme Court concluded that U.S. antitrust claims can be dismissed even in favor of a foreign private arbitral tribunal.[3] More importantly, the Fifth Circuit has described *Mitsui* as limited to situations where, unlike here, it would be "impossib[le]" for the plaintiff to "obtain[] any remedy at all" in the foreign forum. *See Kempe* v. *Ocean Drilling & Expl. Co.*, 876 F.2d 1138, 1142 (5th Cir. 1989) (the "crucial point" in *Mitsui* was to avoid "relegat[ing] a plaintiff to the courts of a nation which does not recognize" basic antitrust principles).[4] Consistent with the more narrow reading of *Mitsui*, the Fifth Circuit has stated that the same *forum non conveniens* "principles" "apply in *all* cases regardless of their jurisdictional bases or subject matter." *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1163 (5th Cir. 1987) (*en banc*) (emphasis in original), *vacated on other grounds by* 490 U.S. 1032.[5]

As cabined, *Mitsui* bars the Court from dismissing on the basis of *forum non conveniens* only if German courts would effectively deny Plaintiff any remedy. *Kempe*, 876 F.2d at 1142, 1145-46; *see Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 250-52 (1981) (*forum non conveniens* appropriate even if foreign law is less favorable). Plaintiff does not make that argument here, and

---

[2] *Prevent I App.*, 17 F.4th at 661-62; *Cap. Currency Exch., N.V.* v. *Nat'l Westminster Bank PLC*, 155 F.3d 603, 608-09 (2d Cir. 1998); *Howe* v. *Goldcorp Invs., Ltd.*, 946 F.2d 944, 948-50 (1st Cir. 1991) (Breyer, J.).

[3] *Mitsubishi Motors Corp.* v. *Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634-35 (1985).

[4] District courts in this Circuit have cabined *Mitsui* in the same way. *See Haynsworth* v. *Lloyd's of London*, 933 F. Supp. 1315, 1324 (S.D. Tex. 1996) (*Mitsui* applies where "plaintiff would be *completely* denied a remedy in the foreign jurisdiction" (emphasis in original)), *aff'd*, 121 F.3d 956 (5th Cir. 1997); *Kempe* v. *Ocean Drilling & Expl. Co.*, 683 F. Supp. 1064, 1067 (E.D. La. 1988) (*Mitsui* "ought at best be confined to its facts"), *aff'd*, 876 F.2d 1138 (5th Cir. 1989).

[5] Four of the 15 judges on the *en banc* panel declined to join in the footnote accompanying this statement. But contrary to the R&R (at 6), those four did not dissent from the statement quoted above, and, regardless, 11 of the 15 judges agreed with both the statement and the accompanying footnote, and subsequent decisions treat both as "new law" that governs in this Circuit. *See, e.g.*, *Camejo* v. *Ocean Drilling & Expl.*, 838 F.2d 1374, 1379 (5th Cir. 1988).

*Prevent I* and *II* held that Germany is an adequate alternative forum in part because German antitrust law is "increasingly sophisticated" and "broadly similar" to U.S. antitrust law. *See* 17 F.4th at 659, 663; *see also* 2021 WL 5585917, at *5. As to the remaining *forum non conveniens* factors (deference to plaintiff's forum choice and private and public interests), those decisions explain in detail why Prevent USA is a foreign plaintiff whose forum choice is entitled to no deference, and why private and public interest factors strongly favor litigation in German courts rather than in *any* United States court. 2021 WL 1087661, at *7-17; 2021 WL 5585917, at *6-15.

In the 41 years since *Mitsui* was decided, until the R&R, no court in this Circuit has adopted the broad view that *Mitsui* should be applied to categorically prohibit *forum non conveniens* dismissals. That view—which is based on the breadth of the Clayton Act's venue provision—has lost all force in light of Fifth Circuit decisions subsequent to *Mitsui* holding that *identically broad* venue provisions do not bar application of the *forum non conveniens* doctrine. *See Kempe*, 876 F.2d at 1144-45 (RICO)[6]; *Air Crash*, 821 F.2d at 1163 n.25 (Jones Act).[7] The Court should adopt the narrow reading of *Mitsui* and dismiss in favor of the undoubtedly adequate German courts.

Alternatively, to the extent the Court adopts the R&R's reading of *Mitsui*, it should certify the order for interlocutory review. Under 28 U.S.C. § 1292(b), the Court may certify an order

---

[6] The R&R states that *Kempe* distinguished *Mitsui* because "RICO claims have common law counterparts" (R&R at 6), but in the cited portion of *Kempe*, the court emphasized that *Mitsui* "den[ied] dismissal **on a very narrow and discrete ground—the impossibility of plaintiffs obtaining any remedy at all for their antitrust-based claims** in Indonesia," and proceeded to hold that, on the allegations before it, plaintiffs would *not* be denied "any remedy whatsoever." 876 F.2d at 1145 (emphasis added). Similarly, the R&R cites *Baumgart* v. *Fairchild Aircraft Co.*, 981 F.2d 824, 829-30 (5th Cir. 1993), but that decision quoted from *Kempe*'s treatment of *Mitsui* and, like *Kempe*, limited *Mitsui* to situations where the foreign forum did not have comparable laws and remedies.

[7] *Air Crash* involved tort claims arising from an airplane crash, and, although the case did not itself involve the Jones Act, the Fifth Circuit has read it to "expressly overrule[]" any modification of the typical *forum non conveniens* standard and factors in Jones Act cases. *Gonzalez* v. *Naviera Neptuno A.A.*, 832 F.2d 876, 877 (5th Cir. 1987).

when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Each of these conditions is met here. *First*, the scope and application of *Mitsui* present a "controlling question of law," resolution of which "may materially advance the ultimate termination of the litigation." Plaintiff has repeatedly argued, and the R&R has accepted, that *Mitsui* is dispositive. This case cannot continue if *Mitsui* does not stand for the proposition for which it is cited in the R&R. *Second*, there is, at minimum, a substantial ground for difference of opinion on how *Mitsui* should be interpreted. The Fifth Circuit has cabined *Mitsui* and held that the same *forum non conveniens* "principles" "apply in *all* cases regardless of their jurisdictional bases or subject matter." (*Supra* at 3-5); *Air Crash*, 821 F.2d at 1163. *Third*, the Fifth Circuit has explained, in the context of mandamus review of decisions denying *forum non conveniens*, that "a defendant's entitlement to FNC ordinarily cannot adequately be vindicated through the regular appeals process," because "the very harm sought to be avoided by transferring venue" "will have worked irreversible damage and prejudice by the time of final judgment." *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 289 (5th Cir. 2015). Section 1292(b) review of the R&R is thus warranted. *See, e.g.*, *Cont'l Ins. Co.* v. *Laneco Constr. Sys., Inc.*, 1995 WL 468169, at *2 (E.D. La. Aug. 7, 1995) (certifying order under § 1292(b) where status of Fifth Circuit precedent was ambiguous in light of subsequent developments).

  **B.**  **The R&R Did Not Give the Prior *Prevent* Decisions Their Proper Preclusive Effect as to *Forum Non Conveniens*.**

Defendants also argued that the prior *Prevent* decisions are issue preclusive as to *forum non conveniens*. The R&R rejected that argument on two grounds.

*First*, the Court again relied on *Mitsui* as imposing a categorical bar on *forum non conveniens* dismissals in antitrust cases. (R&R at 5-6.) For the reasons stated above, that reading

of *Mitsui* should be rejected. But even accepting Plaintiff's broad interpretation of *Mitsui*, that does not change the fact that all federal courts apply the same general "federal law of *forum non conveniens*." *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 793-94 (5th Cir. 2007). Plaintiff has already litigated under that general federal law—and tried unsuccessfully to convince the Sixth Circuit that there is a categorical prohibition on *forum non conveniens* dismissals in antitrust cases. The Sixth Circuit held otherwise, and preclusion applies even if they got it "wrong." *DeShazo v. Nations Energy Co.*, 286 F. App'x 110, 116 (5th Cir. 2008). And the R&R does not explain why any purported circuit split would entitle Prevent USA to another bite at the apple; indeed, a case cited in the R&R says the opposite. *See Yamaha Corp. of Am. v. United States*, 745 F. Supp. 734, 737-38 (D.D.C. 1990) (litigants are not "entitled to take advantage of a split in the circuits" after "los[ing] in the first jurisdiction"), *aff'd*, 961 F.2d 245 (D.C. Cir. 1992).

*Second*, the R&R says new factual allegations undermine the application of issue preclusion. But the allegation, made entirely on "information and belief," that Prevent USA was blocked from acquiring a parts supplier in Luxembourg that has operations in Texas (AC ¶ 149) is exactly the type of allegation rejected in *Prevent I*,[8] and thus does not "materially alter" the prior *forum non conveniens* analysis. *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1498 (5th Cir. 1993), *abrogated on other grounds*, 145 F.3d 211 (5th Cir. 1999). Nor does Plaintiff's reincorporation in Texas alter the fact that it is the same entity the Sixth Circuit found to be a "shell" acting for Prevent Group—"the real party in interest" and "a foreign plaintiff." *Prevent I App.*, 17 F.4th at 661.[9] That fact cannot be relitigated. *See Vasquez v. Bridgestone/Firestone, Inc.*,

---

[8] *See Prevent I App.*, 17 F.4th at 660 ("Without more specific pleadings about blocked Prevent USA efforts to acquire the American operations of Michigan-based companies on the 'problematic suppliers' list, we share the district court's concern over whether the plaintiffs have shown a meaningful connection between the alleged injury and the United States.").

[9] *See also* AC ¶ 35 (conceding that "Prevent Group," and not "Prevent USA," brings this action").

325 F.3d 665, 677-680 (5th Cir. 2003) (*forum non conveniens* dismissal precludes relitigating issues decided in first action to the extent they apply to second action).

Indeed, Prevent has conceded that the *only* new factual allegations in the Amended Complaint are those in the three paragraphs related to IAC. (Ex. 4 at 44:25; AC ¶¶ 147-149.) If the Court finds that those allegations render this case different, then Defendants alternatively request that the case be limited to just *those* allegations, with issue preclusion applied to the remaining allegations in the Amended Complaint so as to not "relitigate settled matters." *Piggly Wiggly Clarksville, Inc.* v. *Interstate Brands*, 83 F. Supp. 2d 781, 794, 797-98 (E.D. Tex. 2000).

## II.    OBJECTIONS TO FTAIA RECOMMENDATIONS

### A.    Prior *Prevent* Decisions Are Preclusive as to the FTAIA.

In addition to *forum non conveniens*, the *Prevent II* court dismissed on the basis of the FTAIA, 15 U.S.C. § 6a, which defeats "jurisdiction under the antitrust laws" if "the plaintiff's injury did not arise from th[e] *domestic* anticompetitive effect" of the alleged misconduct. *Den Norske Stats Oljeselskap As* v. *HeereMac Vof*, 241 F.3d 420, 421 (5th Cir. 2001) (emphasis added). In rejecting the argument that *Prevent II* was preclusive, the R&R lists three grounds (R&R at 9), none of which justifies relitigation of the FTAIA issue.

*First*, the R&R reasons that the Amended Complaint includes allegations regarding import commerce. These same allegations were included in *Prevent II* and found inadequate.[10] And even if such allegations were not in *Prevent II*, they could have been, and "raising facts which existed at the time of the prior action does not provide grounds for relitigating." *GESPA Nicaragua, S.A.* v. *Inabata Eur., GmbH*, 2019 WL 7340304, at *8 (W.D. Tex. Dec. 30, 2019).

*Second*, the R&R reasons that "*Prevent II* involved Prevent DEV GmbH rather than

---

[10] *Compare* ECF No. 20-4 (*Prevent II* Compl.) ¶ 76 *with* AC ¶ 76 (same); *see Prevent II*, 2021 WL 5585917, at *16 (finding these allegations insufficient).

Prevent USA." (R&R at 9.) But, as explained in the MTD (at 9-10), *Prevent II* expressly found that Prevent DEV GmbH "is so closely affiliated with the other Prevent Group companies that it is disingenuous for Plaintiff to try to separate the instant action from its predecessors." *Prevent II*, 2021 WL 5585917, at *9. Together with Plaintiff's admission that "Prevent Group brings this action" (AC ¶ 35) and the finding in *Prevent I* that Prevent USA is a "shell corporation" and "the real party in interest is the Prevent Group," *Prevent I App.*, 17 F.4th at 661, it is apparent that the Plaintiff here is effectively the same as in *Prevent II*.

*Third*, the R&R says that *Prevent II* did not involve allegations about the blocking of acquisitions. Those allegations, however, *were* made in *Prevent I*, and the Sixth Circuit held that they did not "show[] a meaningful connection between the alleged injury and the United States," and involved "foreign conduct that produces only anticompetitive harm abroad." *Prevent I App.*, 17 F.4th at 659-60. Those findings from *Prevent I* are themselves preclusive. *See DeShazo*, 286 F. App'x at 113 ("[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.").

### B. The FTAIA Requires Dismissal of Plaintiff's Claims.

The R&R recognizes that the claims in this case involve foreign conduct, which is enough to trigger the FTAIA, but concludes, based on *Den Norske*, that the FTAIA does not bar Plaintiff's claims because "the alleged 'situs of the injury' is not overseas." (R&R at 11.) *Den Norske*, however, makes clear that "the proper inquiry" is, "regardless of the situs of the plaintiff's injury, did *that* injury *arise from* the anticompetitive effects on United States commerce?" 241 F.3d at 427 n.22 (emphasis added). Here, Plaintiff's purported exclusion from the worldwide market for Volkswagen parts *precedes*, and does not arise from, "anticompetitive effects on United States commerce." *Id.*; *see Prevent II*, 2021 WL 5585917, at *17. More fundamentally, Prevent USA was allegedly "formed specifically to *facilitate* potential acquisitions in the United States" *on*

*behalf of* the Prevent Group, which is based in Germany.  *Prevent I*, 2021 WL 1087661, at *1; (AC ¶ 35).  Any harm resulting from blocked acquisitions or a purported boycott of Prevent Group products would thus have been suffered in Germany.  *Prevent II*, 2021 WL 5585917, at *5, 16-17.

The R&R also emphasizes that Plaintiff asserts claims against VWAG's U.S. subsidiary, VWGoA, but that was also true in *Prevent I*.  The *one* allegation regarding VWGoA—that it added a supplier named FTE to an alleged "Problematic Supplier List," without any allegation that Prevent USA tried to acquire FTE—is not relevant to Plaintiff's theory of liability.  *See Prevent I*, 2021 WL 1087661, at *2 n.2 (rejecting identical allegations).

Finally, though the R&R cites the import commerce exception, the import-related allegations were already held to be inadequate in *Prevent II* (*supra* at 8), and Plaintiff does not allege that its particular harm arises from anticompetitive conduct relating directly to imports.

### III. OBJECTIONS TO RECOMMENDATIONS REGARDING FAILURE TO STATE A CLAIM

#### A. The R&R Recognizes Unprecedented and Implausible Theories of Antitrust Standing and Unreasonable Restraints of Trade.

Prevent USA fails to state an antitrust claim because it (i) lacks antitrust standing, as its alleged injury is the product of *less* consolidation and *increased* competition; and (ii) fails to plead a restraint of trade as opposed to a legitimate refusal to deal with an unreliable supplier.  (MTD at 18-22, 25-27.)  Those failures are especially obvious because the *only* plaintiff in this action—Prevent USA—is not alleged to have competed with or supplied parts to VWAG.  The R&R nevertheless concludes that Prevent USA "specifically alleges" "refusals to deal," "exclusionary dealing," and "the orchestration of a group boycott."  (R&R at 13.)  That is not correct.

*First*, a refusal to deal is only cognizable in "egregious circumstances" where the defendant "previously engaged in a voluntary course of dealing with its competitors" and refused to continue that relationship, despite losing short-term profits.  *ASAP Paging Inc.* v. *CenturyTel of San Marcos*,

137 F. App'x 694, 698 & n.6 (5th Cir. 2005).  There is no allegation in the Amended Complaint that Prevent USA—which is not alleged to make or sell any automotive parts—ever did business with Volkswagen or that it competes with Volkswagen.  Nor is there any well-pled allegation that Volkswagen was willing "to forgo short-term profit for anticompetitive purposes" by refusing to purchase from Prevent USA, which did not make automotive parts in any event.  *Id.* at 698.

*Second*, there is no valid exclusive dealing claim in this case because Prevent USA does not allege that it was required to sell automotive parts to VWAG on an exclusive basis, and even if there were such an allegation, Prevent USA does not allege that such exclusive dealing "foreclose[d] competition in a substantial share of" any given automotive component.  *Tampa Elec. Co.* v. *Nashville Coal Co.*, 365 U.S. 320, 327 (1961).

*Third*, there is no valid group boycott claim in this case because Prevent USA does not allege that it competes with VWAG, which is a prerequisite of any such claim.  *See Spectators' Commc'n Network Inc.* v. *Colonial Country Club*, 253 F.3d 215, 221 (5th Cir. 2001).

**B.     The R&R Improperly Credits Plaintiff's Gerrymandered Market Definition.**

The R&R says market definition is a fact question.  (R&R at 14.)  That is not always true.  Courts have held that, "*as a matter of law*," "one brand in a market of competing brands cannot constitute a relevant product market" "absent exceptional market conditions."  *Domed Stadium Hotel, Inc.* v. *Holiday Inns, Inc.*, 732 F.2d 480, 488 (5th Cir. 1984) (emphasis added).

The R&R also reasons that "automotive component suppliers like Prevent USA are 'locked in' to selling to a particular OEM, such as Volkswagen."  (R&R at 14.)  But Prevent USA itself is not an automotive component supplier.  In fact, Prevent USA does not allege that it makes or sells anything—and thus, is not even a participant in "the market for Volkswagen automotive component parts."  (AC ¶ 18; *see also id.* ¶ 138 (alleging that Prevent USA's "lost profits" are the result of VWAG "blocking" its "acquisition[s]," *not* any inability to sell Volkswagen parts).)

-11-

### C.   Plaintiff's State Common Law Claims Should Be Dismissed.

Regardless of the R&R's reading of *Mitsui* in the federal antitrust context, the state law claims should be dismissed on the basis of *forum non conveniens* or issue preclusion. *See DeShazo*, 286 F. App'x at 113 (despite different applicable law, issue preclusion applies where "issue of ultimate fact" is the same). Moreover, the elements of tortious interference and civil conspiracy have not been satisfied, and the portions of the Amended Complaint to which the R&R points do not relate to Prevent USA, do not establish any independently unlawful acts, do not support intentionality, and do not sufficiently allege any conspiracy to achieve an unlawful objective. (R&R at 16.) Further, if the Court rejects the R&R's conclusions with regard to Prevent USA's antitrust claims, its state law claims should be dismissed as well. *See Stewart Glass & Mirror, Inc.* v. *U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316 (5th Cir. 2000).

## IV.   OBJECTIONS TO PERSONAL JURISDICTION RECOMMENDATION

"For the exercise of specific jurisdiction to comply with due process, the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Inmar Rx Sols., Inc.* v. *Devos, Ltd.*, 786 F. App'x 445, 448 (5th Cir. 2019). Here, the R&R's finding that VWAG "directed" its anticompetitive and tortious conduct at Prevent USA in Texas (R&R at 18) is contrary to the allegations in the Amended Complaint that Defendants' conduct was directed at **the Prevent Group**, based in Germany. (*See, e.g.*, AC ¶¶ 32, 35, 92, 96, 98 ("Project 1 had an explicit focus: to remove Prevent Group from the market.").) Because the claims arise out of conduct occurring in and directed toward Germany, jurisdiction over VWAG would be inconsistent with due process.

## CONCLUSION

For the foregoing reasons, Defendants respectfully object to the R&R in its entirety, and request that the Court grant Defendants' Motion to Dismiss, or alternatively, certify the *Mitsui* issue for interlocutory review under 28 U.S.C. § 1292(b).

July 7, 2023                                              Respectfully submitted,

                                                      */s/ Sharon L. Nelles*

Michael Smith                                             Sharon L. Nelles (admitted *pro hac vice*)
State Bar No. 18650410                                        New York State Bar No. 2613073
SCHEEF & STONE, LLP                                       Steven L. Holley (admitted *pro hac vice*)
113 East Austin Street                                    Suhana S. Han (admitted *pro hac vice*)
Marshall, Texas 75670                                     Leonid Traps (admitted *pro hac vice*)
Tel: (903) 938-8900                                       Jessica H. Goldman (admitted *pro hac vice*)
michael.smith@solidcounsel.com                            SULLIVAN & CROMWELL LLP
                                                     125 Broad Street
                                                     New York, New York 10004
                                                     Tel: (212) 558-4000
                                                     nelless@sullcrom.com
                                                     holleys@sullcrom.com
                                                     hans@sullcrom.com
                                                     trapsl@sullcrom.com
                                                     goldmanj@sullcrom.com

                                                   *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

*/s/ Sharon L. Nelles*