**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PREVENT U.S.A. CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>Defendants. | No. 2:22-cv-00506-JRG-RSP<br><br>Honorable Rodney Gilstrap<br>Chief District Court Judge<br><br>Honorable Roy S. Payne<br>Magistrate Judge |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO AMEND THE DOCKET CONTROL ORDER**

Michael Smith
State Bar No. 18650410
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
Tel: (903) 938-8900
michael.smith@solidcounsel.com

Sharon L. Nelles (admitted *pro hac vice*)
Steven L. Holley (admitted *pro hac vice*)
Suhana S. Han (admitted *pro hac vice*)
Leonid Traps (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
nelless@sullcrom.com
holleys@sullcrom.com
hans@sullcrom.com
trapsl@sullcrom.com

*Counsel for Defendants*

May 3, 2024

Plaintiff's reply brief purports to identify "incontestable facts" that supposedly demonstrate its diligence—which is required to establish good cause for its requested extension—but plaintiff ignores key details in attempting to excuse its failure to complete discovery in a timely manner.

- In December 2023, defendants emphasized to plaintiff the complex and time-consuming process required to conduct depositions in Germany, but it was not until February 2024 that the parties discussed for the first time the scheduling of depositions of defendants' many German witnesses. (Han Decl. ¶ 2; *see also* ECF No. 84 at 4–5.)

- Plaintiff had the option to reserve dates at the U.S. Consulate General in Frankfurt before defendants provided the private contact information of their witnesses. Plaintiff declined to do so and instead inquired about available dates in June—after the close of fact discovery. (Han Decl. ¶ 12.)

- Plaintiff has conceded that it delayed scheduling the deposition of defendants' sole U.S. witness, Thomas Golden, because plaintiff wanted to wait in hopes of obtaining the worldwide discovery it is seeking in its pending motions to compel. (Reply at 3.)

- In complaining that defendants have not provided any dates "for three of the most critical witnesses Prevent wishes to depose" who have consented to be deposed outside of Germany (*id.* at 2), plaintiff neglects to mention that these witnesses are German nationals from whom plaintiff seeks testimony about foreign conduct.

- During the time allotted for fact discovery, plaintiff has not taken a single deposition of any U.S.-based third party, including any of the bankers that plaintiff claims negotiated on behalf of Prevent USA to try to acquire U.S. automotive parts suppliers.

- Plaintiff asserts that defendants failed to produce "for months" "thousands of documents retrieved by Prevent's search terms." (*Id.* at 1.) As defendants previously explained, however, the vast majority of those documents were "false hits" identified in connection with the parties' search term negotiations and defendants had no reason to produce those non-responsive documents. (Han Decl. Ex. 8 at 3.)

Although plaintiff belatedly proposes a "modest adjustment of the trial date" (Reply at 4) to address the indisputable prejudice defendants would suffer if the Court approved plaintiff's proposed modifications to the Docket Control Order, that adjustment would not alleviate the burdensome discovery about foreign conduct to which defendants would be subjected in a case that plaintiff has told the Court is about "U.S. conduct" and "U.S. injury." (ECF No. 83-2 at 53:1–13.) By its own admission, plaintiff seeks an extension of fact discovery so that it can

obtain German documents about conduct that occurred outside the United States (primarily in Germany) and to take the depositions of German witnesses in Germany and other foreign countries. (Reply at 3.) That merely confirms that Germany, not Texas, is the most appropriate forum for litigating this case, and that defendants' motion to dismiss for *forum non conveniens* should be granted. If this Court nevertheless decides that this case should be litigated in Texas, then plaintiff has all the U.S. discovery it needs and fact discovery should end on May 3, which is what the Docket Control Order that has been in place for nine months provides.

**CONCLUSION**

For the foregoing reasons and for the reasons outlined in defendants' Response, the Court should deny plaintiff's Motion To Amend the Docket Control Order.

May 3, 2024

Respectfully submitted,

/s/ Sharon L. Nelles
Sharon L. Nelles (admitted *pro hac vice*)
New York State Bar No. 2613073
Steven L. Holley (admitted *pro hac vice*)
Suhana S. Han (admitted *pro hac vice*)
Leonid Traps (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
nelless@sullcrom.com
holleys@sullcrom.com
hans@sullcrom.com
trapsl@sullcrom.com

Michael Smith
State Bar No. 18650410
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
Tel: (903) 938-8900
michael.smith@solidcounsel.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

*/s/ Sharon L. Nelles*