# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |
|---|---|
| PREVENT U.S.A. CORPORATION, | No. 2:22-cv-00506-JRG-RSP |
| Plaintiff, | Honorable Rodney Gilstrap |
| v. | Chief District Court Judge |
| VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC., | Honorable Roy S. Payne |
| Defendants. | Magistrate Judge |

## DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO DISMISS

Michael Smith
State Bar No. 18650410
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
Tel: (903) 938-8900
michael.smith@solidcounsel.com

Sharon L. Nelles (admitted *pro hac vice*)
Steven L. Holley (admitted *pro hac vice*)
Suhana S. Han (admitted *pro hac vice*)
Leonid Traps (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
nelless@sullcrom.com
holleys@sullcrom.com
hans@sullcrom.com
trapsl@sullcrom.com

*Counsel for Defendants*

May 15, 2024

Plaintiff's reply brief demonstrates once again that this case is not about efforts by Prevent USA to acquire automotive parts suppliers in the United States. Rather, plaintiff now admits that this case is about efforts by Kenan Hastor (a German resident whose family owns Prevent Group companies based in Europe) to purchase foreign automotive parts suppliers "on behalf of the broader Prevent Group." (Reply at 1–2.) Plaintiff says those efforts were thwarted by "Project 1," which plaintiff describes as a "scheme to 'demolish' the broader Prevent Group and exclude it from the global market." (*Id*. at 2.)

Those admissions should be the death knell for plaintiff's claims, because they are the diametric opposite of what plaintiff told the Court last June, namely, that this case was all about Prevent USA and conduct that occurred solely in the United States. (ECF No. 83-2 at 53:9–13 ("[I]n our view, this case concerns U.S. conduct. We haven't alleged anything happening in Europe between the parties before. It's about U.S. conduct. It's about U.S. injury. And, you know, there's only one Plaintiff, and that is a Texas corporation.").)

Although plaintiff insists that Project 1 "expressly identified and targeted Prevent USA <u>by name</u>" (Reply at 1 (emphasis in original)), that is false. As support for this bold assertion, plaintiff refers to an organizational chart and a spreadsheet listing a large number of Prevent Group companies around the world. (*See* Motion Exs. C, D.) But neither document provides any support for the idea that Project 1 was targeted specifically at Prevent USA. What the documents actually show is that Project 1 was conceived in Germany and carried out by Volkswagen employees working in Germany.

In a last-ditch effort to create the illusion that this case has some connection to Texas, plaintiff now contends that the "plan[]" from the outset was that Prevent USA would "own and control" the U.S. factories of foreign automotive parts suppliers acquired by Prevent Group

companies in Europe, including Fehrer GmbH.  (Reply at 1–2.)  But that is a far cry from what plaintiff told the Court last June.  (June 8, 2023 MTD Hearing Tr. at 76:17–19 ("Prevent USA was prepared to expand to the U.S. by purchasing U.S.-based suppliers, not foreign suppliers, but U.S.-based suppliers.").)  And even in this latest variant of plaintiff's tale, it must contend with the problem that Kenan Hastor, while in Germany, used a German banker to try to acquire Fehrer, a German automotive parts supplier (*see* Motion Ex. F)—all of which confirms that the relevant conduct occurred in Germany and the relevant witnesses are German.

Put differently, if—as plaintiff now candidly acknowledges—this case is about efforts by Prevent Group companies in Europe to acquire foreign automotive parts suppliers that just happen to have some U.S. operations, then the case plainly belongs in Germany.  That is where Prevent Group is *currently* litigating claims that Volkswagen, as part of Project 1, used its alleged "monopsony" power to "block" Prevent Group companies from acquiring "shareholdings in other companies" in "South America, *North America*, Europe and Asia."  (ECF No. 83-27 (Declaration of Carolin Marx), ¶ 25 (emphasis added).)  It obviously would be efficient to add the claims in this case to litigation on the same subject that is already underway in Germany, as the Court suggested at the April 26 hearing.  (ECF No. 117-2 at 44:7–45:2.)

Because it is now crystal clear from plaintiff's latest brief that Germany is "the focal point of the dispute" (*id* at 35:9–10), the Court should grant defendants' motion to dismiss on *forum non conveniens* grounds.

<table>
<tr><td>

May 15, 2024

Michael Smith
State Bar No. 18650410
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
Tel: (903) 938-8900
michael.smith@solidcounsel.com

</td><td>

Respectfully submitted,

*/s/ Sharon L. Nelles*
Sharon L. Nelles (admitted *pro hac vice*)
   New York State Bar No. 2613073
Steven L. Holley (admitted *pro hac vice*)
Suhana S. Han (admitted *pro hac vice*)
Leonid Traps (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
nelless@sullcrom.com
holleys@sullcrom.com
hans@sullcrom.com
trapsl@sullcrom.com

*Counsel for Defendants*

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

*/s/ Sharon L. Nelles*