# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |  |
|---|---|---|
| PREVENT U.S.A. CORPORATION, | x<br>:<br>: |  |
| Plaintiff, | :<br>: | No. 2:22-cv-00506-JRG-RSP |
| v. | :<br>: | Honorable Rodney Gilstrap<br>Chief District Court Judge |
| VOLKSWAGEN AG; VOLKSWAGEN GROUP OF AMERICA, INC., | :<br>:<br>: | Honorable Roy S. Payne<br>Magistrate Judge |
| Defendants. | :<br>:<br>:<br>x |  |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S "NOTICE" CONCERNING THE CURRENT STATE OF THE RECORD

Michael Smith
State Bar No. 18650410
SCHEEF & STONE, LLP
113 East Austin Street
Marshall, Texas 75670
Tel: (903) 938-8900

Sharon L. Nelles (admitted *pro hac vice*)
Steven L. Holley (admitted *pro hac vice*)
Suhana S. Han (admitted *pro hac vice*)
Leonid Traps (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
nelless@sullcrom.com
holleys@sullcrom.com
hans@sullcrom.com
trapsl@sullcrom.com

*Counsel for Defendants*

June 17, 2024

On June 3, 2024, the Court issued an order stating unequivocally that "all proceedings in this case—other than those relating to the motion to dismiss—are stayed until a final ruling on the pending Renewed Motion to Dismiss the Amended Complaint is issued." (ECF No. 121 at 2.) In response, plaintiff filed, in flagrant violation of this Court's rules prohibiting the submission of additional briefing without leave to do so, its *fifth* brief opposing defendants' pending motion to dismiss. Plaintiff's unauthorized brief, disguised as a "notice" that purports "to update the Court on the current state of the record" ("Notice" at 2), repeats previously made false and misleading statements in a last-ditch effort to avoid dismissal of plaintiff's claims.

**Documents.** Contrary to what plaintiff told the Court during the April 26 hearing (Apr. 26 Hr'g Tr. 24:19–22), plaintiff now concedes that the largest share of the documents produced by the parties were written in German ("Notice" at 2).[1] Plaintiff also now falsely claims that defendants "produced fewer than 6,000 documents written in German." (*Id.*) In fact, as defendants advised the Court during the April 26 hearing without any objection from plaintiff, of the 27,607 documents that Volkswagen AG had produced to plaintiff, the "primary language" for 22,253 of those documents—approximately 81%—is German. (*See* Apr. 26 Hr'g Tr. at 47:17–22.)[2] That most documents are written in German should come as no surprise given the undisputed fact that *11 of defendants' 12 email custodians* are or were employees of a German company.

**Depositions.** Plaintiff misleadingly claims that "[w]ith one exception," defendants "refused to confirm a single deposition date within the discovery period." ("Notice" at 2–3.) In

---

[1] As defendants explained during the April 26 hearing, there is a substantial number of English-language documents in *plaintiff's* production not because Prevent Group companies were conducting business in English, but because plaintiff produced thousands of spam emails. (*See* Apr. 26 Hr'g Tr. at 47:17–21.)

[2] The small additional production that Volkswagen AG made after the hearing does not change the overwhelming ratio of German-language documents, now 79%.

fact, plaintiff was unable to schedule deposition dates during the fact discovery period as a result of its own failure to act in a timely manner to obtain dates at the U.S. Consulate General in Frankfurt for defendants' seven German-resident witnesses to be deposed. (ECF No. 101 at 5–6.) Of course, the fact that most of the witnesses in this case are located in Germany and would need to be deposed at the U.S. Consulate merely emphasizes the lack of connection to, and the inconvenience of litigating in, this forum.

Plaintiff now claims for the first time that it "no longer needs to depose the Volkswagen-affiliated witnesses" in Germany. ("Notice" at 2.) What this cynical ploy makes clear is that plaintiff is willing to say just about anything to avoid dismissal of its claims. Previously, plaintiff insisted to the Court that, without an extension of deadlines in the docket control order to enable plaintiff to schedule depositions in Germany, "Prevent will be deprived of critical discovery." (ECF No. 106 at 4.) Even if plaintiff is now willing to forgo taking "critical" depositions of witnesses in Germany, the fact remains that the overwhelming majority of persons with relevant knowledge of the issues in this case are in Germany or other foreign countries. (*See* Apr. 26 Hr'g Tr. at 34:4–6 (plaintiff's counsel: "I will concede I believe the majority of the people identified in the initial disclosures were located outside the U.S."); *see also id.* at 34:11–12 (plaintiff's counsel: "[W]hat we're talking about was a scheme that was hatched in Germany, that originated in Germany.").)

***Expert Report.*** Although it does not constitute admissible evidence, plaintiff nonetheless asks the Court to rely on its expert report as a basis to conclude that Prevent USA—as opposed to other companies in the German-based Prevent Group—was blocked by defendants from acquiring three automotive parts suppliers: Dura, Tower, and IAC. ("Notice" at 2.) But this is just a continuation of the shell game that plaintiff has been playing from the outset of this case.

For Dura and Tower, plaintiff has repeatedly stated, including in sworn declarations, that it was Prevent Group *affiliates* located in Germany and Brazil that attempted to acquire the *German* and *Brazilian* operations of these companies. Kenan Hastor's sworn declaration, dated February 12, 2024, states that "[i]n 2011 and 2014," "Prevent affiliates"—not Prevent USA—"evaluated an acquisition of Dura's Rotenburg and Gehren, Germany plants." (ECF No. 94-6 ¶ 25.) Likewise, Mr. Hastor's declaration states that "Prevent-Keiper"—not Prevent USA—attempted to acquire "Tower's plant in Aruja, Brazil" in 2016. (*Id.* ¶¶ 4, 5.) Nothing in plaintiff's expert report provides any substantiation for the claim that *Prevent USA* tried to acquire Dura or Tower.

As for IAC—the Luxembourg-based parts supplier that plaintiff told the Court last year distinguished this case from the Michigan case that was dismissed on *forum non conveniens* grounds and affirmed by the Sixth Circuit—plaintiff's expert report adds nothing to corroborate plaintiff's baseless allegation that Prevent USA attempted to acquire IAC. Rather, IAC and the investment banks that plaintiff claims Mr. Hastor used in his effort to explore an acquisition of IAC have all said they have no documents reflecting an attempt by Prevent USA to acquire IAC or its operations in Arlington, Texas. (*See* ECF Nos. 83-8 at 1; 83-21 at 14; 113-2; 113-3.) Plaintiff's unauthorized "notice" does not provide any new information to the Court—it instead regurgitates plaintiff's previous arguments about IAC, which are flatly contradicted by the record evidence.

\*   \*   \*

Despite express instructions from the Sixth Circuit that plaintiff bring its claims in Germany, plaintiff reincorporated itself in Texas and filed virtually identical claims in this Court. In an increasingly desperate attempt to cling to this forum, plaintiff repeatedly has made

misleading representations to the Court, in its pleadings, in its briefs, during oral argument, and again in the "notice" filed last week. (*See, e.g.*, Apr. 26 Hr'g Tr. 28:13–17 ("[I]t's troubling to me that I relied specifically only on a very few of the allegations of your first amended complaint in the last ruling . . . and you have altered those in your second amended complaint.").) Defendants already have been prejudiced by having to engage in substantial discovery in an improper forum. That such prejudice has already occurred does not mean that dismissal on *forum non conveniens* grounds is no longer warranted. *See Empresa Lineas Maritimas Argentinas, S.A.* v. *Schichau-Unterweser, A.G.*, 955 F.2d 368, 372–73 (5th Cir. 1992) (affirming *forum non* dismissal, even though "substantial discovery ha[d] taken place"). Indeed, the opposite is true. The discovery that has taken place (and the discovery that has not) strikingly underscores that this litigation has been proceeding in the wrong place. And, as the Court has noted, if this case moves forward, plaintiff will have to "prove up all of the anti-competitive activity that [it] contend[s] Volkswagen has undertaken in Germany and Europe generally" by calling German witnesses and relying on German documents. (Apr. 26 Hr'g Tr. at 44:22–24.) Germany is the more convenient forum for litigating the claims in this case, and the Court should grant defendants' "particularly strong" motion to dismiss. (ECF No. 121 at 2.)

| | |
|---|---|
| June 17, 2024 | Respectfully submitted, |
| | |
| | */s/ Sharon L. Nelles* |
| Michael Smith | Sharon L. Nelles (admitted *pro hac vice*) |
| State Bar No. 18650410 | New York State Bar No. 2613073 |
| SCHEEF & STONE, LLP | Steven L. Holley (admitted *pro hac vice*) |
| 113 East Austin Street | Suhana S. Han (admitted *pro hac vice*) |
| Marshall, Texas 75670 | Leonid Traps (admitted *pro hac vice*) |
| Tel: (903) 938-8900 | SULLIVAN & CROMWELL LLP |
| michael.smith@solidcounsel.com | 125 Broad Street |
| | New York, New York 10004 |
| | Tel: (212) 558-4000 |
| | nelless@sullcrom.com |
| | holleys@sullcrom.com |
| | hans@sullcrom.com |
| | trapsl@sullcrom.com |

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 17, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

      Respectfully submitted,

      */s/ Sharon L. Nelles*