IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

PREVENT U.S.A. CORPORATION,        §
                                   §
        *Plaintiff,*               §
                                   §
v.                                 §
                                   §   CIVIL ACTION NO. 2:22-CV-00506-JRG-RSP
                                   §
VOLKSWAGEN, AG and                 §
VOLKSWAGEN GROUP OF AMERICA,       §
INCORPORATED,                      §
                                   §
        *Defendants.*              §

**REPORT AND RECOMMENDATION**

Before the Court is the Renewed Motion to Dismiss filed by Defendants Volkswagen, AG
and Volkswagen Group of America, Incorporated. (**Dkt. No. 82**.) For the following reasons, the
motion should be **GRANTED**.

**I.     BACKGROUND**

This is the third chapter of an ongoing litigation saga. The Prevent Group, a group of
affiliated international automotive component parts suppliers, and Volkswagen, AG, an
automobile manufacturer, have been embroiled in litigation concerning allegations of unfair
business practices and anticompetitive behavior for the past eight years.

The first chapter of the litigation began in 2016 and remains ongoing in Germany.[1] The
second chapter began in 2019, in which two affiliates of the Prevent Group: Eastern Horizon
Group, based in the Netherlands, and Prevent USA Corporation, brought antitrust and business
tort claims against Volkswagen in the Eastern District of Michigan. That action was dismissed on
the basis of *forum non conveniens*. *Prevent USA Corp.* v. *Volkswagen AG*, 2021 WL 1087661, at

---

[1] A detailed explanation of the ongoing German proceedings can be found in the *Prevent I*, *Prevent I Appeal*, and
*Prevent II* cases referenced below.

*17 (E.D. Mich. Mar. 22, 2021) ("*Prevent I*") *aff'd* 17 F.4th 653 (6th Cir. 2021) ("*Prevent I Appeal*")[2]. Another affiliate of the Prevent Group then brought federal antitrust, state antitrust, tortious interference, and civil conspiracy claims against Adient PLC, Lear Corporation, Volkswagen, AG, and Ralf Brandstätter, in the Eastern District of Michigan. The court also dismissed that action on the basis of *forum non conveniens* while separately concluding the antitrust claims were barred by the Foreign Trade Antitrust Improvements Act of 1992 (FTAIA). *Prevent DEV GmbH v. Adient PLC*, No. 20-CV-13137, 2021 WL 5585917, at *17 (E.D. Mich. Nov. 30, 2021) ("*Prevent II*").

Now, in the third chapter, Prevent U.S.A. Corporation ("Prevent USA"), which now includes the Prevent USA entity of the *Prevent I* case, brings suit in the Eastern District of Texas. Prevent USA contends that amidst seemingly promising discussions to acquire an Arlington, Texas facility owned by International Automotive Components Group (IAC), the deal ultimately fell through because Volkswagen forced IAC to discontinue negotiations with Prevent USA. First Amended Complaint (FAC), Dkt. No. 4 at ¶¶ 147-149.[3] Prevent USA alleges six separate causes of action: (1) agreement in restraint of trade in violation of § 1 of the Sherman Act; (2) monopsonization in violation of § 2 of the Sherman Act; (3) tortious interference with business relationship and/or expectancy; (4) civil conspiracy; (5) an agreement in restraint of trade in violation of Texas antitrust law, Tex. Bus. & Com. Code Ann. § 15.05; and (6) monopsonization in violation of Texas antitrust law. *Id.* at ¶¶ 173-224.

---

[2] In discussing whether Germany was an adequate alternative forum, the Sixth Circuit stated that "it may be the case—we need not finally decide—that claims dismissed on *forum non conveniens* grounds may be refiled in federal court if the alternative forum itself declines to exercise jurisdiction or otherwise determines it lacks authority." *Prevent I Appeal*, 17 F.4th at 659.
[3] Citations, including the page numbers correspond to those assigned through ECF.

Previously, this Court denied Volkswagen's first motion to dismiss finding there was no issue preclusion, and that precedent in this Circuit held *forum non conveniens* is inapplicable to suits brought under the United States antitrust laws. (Dkt. No. 43.) Volkswagen sought a writ of mandamus, which was granted overruling the precedent this Court previously relied on and remanding Volkswagen's motion for a full *forum non conveniens* analysis. (Dkt. No. 79.) The Court now performs that analysis.

## II.    ANALYSIS

Volkswagen moves to dismiss this case on *forum non conveniens* grounds contending this case belongs in Germany where the parties have been actively litigating the first chapter.[4]

"A court facing a motion to dismiss for *forum non conveniens* must first assess whether an alternate forum is both available and adequate." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). "The substantiative law of the foreign forum is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there." *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th Cir. 2007) (internal citation omitted). As Prevent has made no showing that Germany would not be an appropriate forum, the Court finds it would be.

As to the substantive issues, the parties dispute whether the Court should consider the current state of the case and Prevent's Second Amended Complaint or the state of the case when Volkswagen filed its initial motion to dismiss. The Court finds it is appropriate to consider the current state of the case. *See Ney v. 3i Grp., P.L.C.*, No. 21-50431, 2023 WL 6121774, at *3 (5th Cir. Sept. 19, 2023) ("it is within a district court's discretion to consider matters outside the

---

[4] Volkswagen notes it preserves for appeal the other grounds it raised in its prior motion but does not raise them here. (Mot. at 21.)

pleadings when resolving *forum non conveniens* motions…"). The Court does not understand the Fifth Circuit's opinion to mandate that the Court perform *forum non conveniens* analysis only on the prior record, but rather that in light of *Mitsui* no longer being in force, the Court must simply perform a *forum non conveniens* analysis.

### A.  Private Interest Factors

"The 'private interest' factors include: (i) the relative ease of access to sources of proof; (ii) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (iii) possibility of view of [the] premises, if view would be appropriate to the action; (iv) all other practical problems that make trial of a case easy, expeditious and inexpensive ... enforceability of judgment[; and whether] the plaintiff [has sought to] 'vex,' 'harass,' or 'oppress' the defendant." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 700 (5th Cir. 2015)

Volkswagen contends most of the evidence relevant to this case is located in Germany. (Mot. at 17.) In particular, Volkswagen points to Prevent's complaint primarily focusing on a plot conceived in Germany, by German executives of a German company based on translations of German documents. (*Id*.) Prevent's operative complaint alleges "Volkswagen undertook an anticompetitive campaign to wholly exclude Prevent Group from the market" and this extends "to Prevent Group's affiliate, Prevent USA." (Dkt. No. 66 at ¶¶2-3.) The complaint goes on to allege "Volkswagen resorted to a series of illegal tactics to exclude Prevent Group from the market" and that the scheme was deemed "Project 1." (*Id*. at ¶¶8-9.) The complaint details how Project 1 stopped Prevent USA affiliates from acquiring manufacturers in Poland, Slovenia, and Brazil. (*Id*. at ¶¶8-27.) The complaint contends the same tactics ultimately stopped Prevent USA's acquisition of several US operations of the International Automotive Components Gmbh. (*Id*. at ¶¶28-30.)

4

Volkswagen further points out that 14 of the 15 Volkswagen email custodians that Prevent has identified during discovery of ESI are employees of the German Volkswagen entity and are primarily based in Germany. (Mot. at 10.) Volkswagen notes that while the instant plaintiff is a nominally American company, the allegations are identical to those already pursued in Germany by plaintiff's parent. (*Id*. at 17-18.) Volkswagen notes that 11 of Prevent's 12 proposed email custodians are employees of the European parent of Prevent and are primarily based in Germany as well. (*Id*. at 10.) The one American employee that Prevent identifies, Mr. Loudermilk, Volkswagen contends is illusory, only working "part-time" for Prevent and not even listing the endeavor on his LinkedIn profile, despite listing six other roles. (*Id*. at 10-11.)

Volkswagen lastly contends that Prevent's allegations that are exclusive to the US and Texas are tenuous and made on "information and belief." (*Id*.) Volkswagen contends this cannot change the fact that the nexus of this case is Germany. (*Id*.)

Prevent contends the heart of this litigation is actually the U.S. not Germany. (Opp. at 11.) Prevent contends the evidence to be discovered from Volkswagen is electronic and just as easily accessed here. (*Id*.) Prevent identifies the search records for a number of ESI custodians outside of Germany that have large numbers of hits for "Prevent" and other relevant searches. (*Id*. at 12-13.) Prevent further identifies a list of U.S. third parties that it seeks discovery from, namely potential acquisition targets it contends form the heart of its antitrust claim. (*Id*. at 13-14.) Prevent contends a German court does not offer compulsory process over these third-party witnesses and that it would be more convenient for these witnesses to appear in the U.S. rather than Germany. (*Id*. at 16-19.)

The Court finds that the private interest factors weigh in favor of dismissal.  First, the Court finds that the heart of this action is Germany, not the U.S. Both Prevent's actions and complaint

demonstrate as much. While Mr. Loudermilk is heavily involved in various endeavors in Marshall, there is no showing that he or Prevent USA undertake any relevant activity here. Indeed, Prevent's identification of 11 custodians from its affiliates, already involved in a similar litigation in Germany, undercuts the contention that the U.S. is the nexus of this action. This is reinforced by Prevent's requested Volkswagen custodians who are primarily associated with the European Volkswagen entity and largely located in Europe. While they are not uniformly in Germany, the fact that they have been identified as relevant demonstrates Germany, not the U.S. is the nexus of this action and would be the more convenient forum for the production of evidence and willing witnesses.

Prevent's Complaint supports the Court's finding. The Complaint largely describes an animus between Prevent Group and Volkswagen where Prevent USA only plays an incidental role. Much of the Complaint details anticompetitive actions taken outside of the U.S. in Europe and Brazil and suggesting it *may* be happening in the U.S. as well. Indeed, Prevent seems only able to allege "[i]t is plausible to infer that Volkswagen executed similar Agreements … in the United States" to what was alleged to have occurred in Europe and the rest of the world. (*See id*. at 56.) It is thus clear that the nexus of this action is German activity, and any U.S. activity would be *similar* and a subpart of the German activity for which evidence would come from Germany and Europe where Germany would be the clearly more convenient forum.

Further, when asked by the Court what Prevent USA's business is, Prevent was only able to provide that it would like its business to be acquiring automotive parts manufacturers in the U.S. but contended that Volkswagen prevented this. At the hearing, the parties presented conflicting accounts of how far Prevent went in attempting these acquisitions, but Volkswagen presented some evidence that such an attempt never occurred. While Prevent contended it had forthcoming

evidence counter to that narrative, it never contended that Mr. Laudermilk or Prevent USA as a Texas corporation were ever involved. Considering that the Prevent Group, Prevent USA's parent corporation, is in the same line of business worldwide and seems to be the real party Volkswagen has a dispute with, the Court finds Prevent USA's involvement in the alleged antitrust dispute is not a central role.

While the Court is not bound by it, the Sixth Circuit's ruling on a very similar action brought by Prevent against Volkswagen in Michigan is instructive. There the Court found "Prevent USA's allegations about the relevant presentations and spreadsheets, all directed at German executives, suggest that much of the evidence will be in German, and that the German courts will be able to access these documents and witnesses far more conveniently than American courts could." *Prevent USA Corp. v. Volkswagen AG*, 17 F.4th 653, 660 (6th Cir. 2021). Given that much of the same evidence is at issue for the same reasons here, the Court is inclined to find likewise.

While Prevent's identification of some potential acquisition targets in the U.S. does have some weight, this is only a small portion of this action and would be expected to only provide a small portion of the relevant evidence. The majority of evidence, based on Prevent's allegations, is expected to be with Volkswagen as the primary actor at the center of the alleged conspiracy to keep Prevent out of the market. Further, as mentioned above, it is unclear if there is any relevant discovery to be had from these third parties.  Because this motion comes on after much discovery, this absence of evidence is telling.

As such, the Court finds the private interest factors weigh significantly in favor of dismissal.

### B.  Public Interest Factors

"The 'public interest' factors include: (i) the administrative difficulties flowing from court congestion; (ii) the local interest in having localized controversies resolved at home; (iii) the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (iv) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (v) the unfairness of burdening citizens in an unrelated forum with jury duty." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 700 (5th Cir. 2015).

Volkswagen contends that this is not a "local controversy" citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 831 (5th Cir. 1986), and given the case's ties to Germany, Prevent cannot contend there are any administrative difficulties in litigating in German courts. (Mot. at 19.)

Prevent contends public interests favors this Court over Germany. (Opp. at 21.) Prevent contends this Court moves efficiently and Volkswagen has submitted no evidence that the German court might try this action sooner. (*Id*.) Prevent also contends there is a localized interest in this case based on its impact on U.S. commerce and a Texas Corporation, Prevent USA. (*Id*. at 22.) Prevent further contends this action addresses U.S. contracts and ultimately it is Texas victims of Volkswagen's conduct. (*Id*. at 22-23.)

The Court finds the public interest factors are largely neutral. First, the Court is not familiar with any congestion difficulties in Germany or here, thus this factor is neutral. Second, as the Court found above, the nexus of this case is Germany as it is the home of the alleged wrongdoing, of the Defendant, and of Prevent's harmed parent. While Prevent USA is now a Texas corporation and employs its CEO in Marshall, this local interest does not outweigh the contacts listed above. If there is any local interest in this global controversy, it is in Germany. This factor is neutral. Factors

three and four weigh somewhat in favor of dismissal. Germany has an adequate corpus of anti-trust law with which a German court would undoubtedly be familiar. Indeed, a similar action is already being litigated there. As such, continuing this litigation runs the risk of a conflicting ruling on the same basic set of facts.

## III.  CONCLUSION

For the reasons above, **IT IS RECOMMENDED** that the Renewed Motion to Dismiss (Dkt. No. 82) be **GRANTED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 21st day of June, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

9