UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Prevent U.S.A. Corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>Volkswagen AG; Volkswagen Group of America, Incorporated,<br><br>　　　Defendants. | No. 2:22-cv-00506-JRG-RSP |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

# ORAL ARGUMENT REQUESTED

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

ARGUMENT .................................................................................................................................2

CONCLUSION ..............................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. Tex.*,
  571 U.S. 49 (2013)............................................................................................................1

*Baris v. Sulpicio Lines, Inc.*,
  932 F.2d 1540 (5th Cir. 1991) ..........................................................................................1

*ContentGuard Holdings, Inc. v. Google, Inc.*,
  2014 U.S. Dist. LEXIS 201131 (E.D. Tex. Apr. 16, 2014).............................................7

*Emerging Auto. LLC v. Kia Corp.*,
  2024 U.S. Dist. LEXIS 111535 (E.D. Tex. June 14, 2024).............................................3

*Hammers v. Mayea-Chang*,
  2019 U.S. Dist. LEXIS 213039 (E.D. Tex. Dec. 11, 2019).............................................3

*Holloway v. City of Fort Worth*,
  2024 U.S. Dist. LEXIS 4408 (E.D. Tex. Jan. 9, 2024).....................................................4

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ....................................................................................1, 3, 4

*Knott v. Completion Equip. Rental, Inc.*,
  2024 U.S. Dist. LEXIS 58941 (E.D. Tex. Feb. 15, 2024) ............................................3, 4

*Le v. Lockheed Martin Corp.*,
  2023 U.S. Dist. LEXIS 224615 (E.D. Tex. Dec. 18, 2023).............................................4

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
  2023 U.S. Dist. LEXIS 202763 (E.D. Tex. Nov. 12, 2023) ............................................4

*Monarch Networking Sols. LLC v. Cisco Sys.*,
  2021 U.S. Dist. LEXIS 1551 (E.D. Tex. Jan. 5, 2021).....................................................2

*Seasons USA, Inc. v. Fun World, Inc.*,
  2023 U.S. Dist. LEXIS 150281 (E.D. Tex. Aug. 24, 2023) ...............................2, 3, 6, 7

*Sec. & Exch. Comm'n v. Blackburn*,
  2015 U.S. Dist. LEXIS 179748 (E.D. Tex. June 30, 2015)..........................................1, 2

*Traxxas, L.P. v. Egrandbuy, Inc.*,
  2020 U.S. Dist. LEXIS 209639 (E.D. Tex. Sept. 24, 2020).............................................1

*Vargas v. Seamar Divers Int'l*,
  2011 U.S. Dist. LEXIS 54386 (E.D. Tex. May 20, 2011) .......................................................... 7

*Virtualagility, Inc. v. Salesforce.com, Inc.*,
  2014 U.S. Dist. LEXIS 12015 (E.D. Tex. Jan. 31, 2014) ..................................................... 4, 5

**STATUTES**

28 U.S.C. § 636(b)(1) ............................................................................................................. 2

28 U.S.C. § 1404 ................................................................................................................. 1, 3

**TABLE OF DEFINED TERMS**

| Abbreviation | Term |
|---|---|
| FNC | Forum non conveniens |
| IAC | International Automotive Components GmbH |
| MTD | VW's Renewed Motion to Dismiss (Dkt. 82) |
| Prevent | Prevent U.S.A. Corporation |
| SAC | Second Amended Complaint |
| VW | Volkswagen AG and Volkswagen Group of America Inc. |
| VWAG | Volkswagen AG |
| VWUSA | Volkswagen Group of America Inc. |

\* Unless otherwise indicated, emphases herein were supplied by Prevent.

## INTRODUCTION

Any time "a defendant is haled into court, some inconvenience is expected and acceptable." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 629 (5th Cir. 2022) (citations omitted).[1] "[T]he fact that litigating would be more convenient for that defendant elsewhere is not enough to justify transfer." *Id.* Thus, to obtain a FNC dismissal, a defendant must demonstrate—with "*unequivocal, substantiated* evidence," not just lawyers' assertions[2]—that litigating elsewhere is "*clearly* more convenient." *Traxxas, L.P. v. Egrandbuy, Inc.*, 2020 U.S. Dist. LEXIS 209639, at *6 (E.D. Tex. Sept. 24, 2020) (citations omitted).

Despite improperly being allowed to re-brief FNC from scratch (*see* Dkt. 88 at 8-10), VW has not come close to establishing that the "private interest"[3] FNC factors point to Germany as a clearly more convenient forum. In concluding otherwise, Judge Payne inexplicably departed from precedent by ignoring the undisputed record; crediting assertions that lack any evidentiary support; resolving factual disputes in VW's favor; overlooking the gaps in VW's presentation; and placing weight on considerations that, as a matter of law, have little or no weight in the FNC analysis. Indeed, the most striking aspect of the R&R is that, by the time it issued, virtually all of VW's unsupported assertions of inconvenience had been mooted: discovery was complete, Prevent had

---

[1] *In re Planned Parenthood* and other cases cited herein involved motions to transfer under 28 U.S.C. § 1404. As the U.S. Supreme Court has explained, however, "Section 1404(a) is merely a codification of the doctrine of [FNC] for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W.D. Tex.*, 571 U.S. 49, 60 (2013). Thus, the Court can properly rely on its extensive body of § 1404 jurisprudence to evaluate VW's FNC arguments.

[2] *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1550 n.14 (5th Cir. 1991); *see Sec. & Exch. Comm'n v. Blackburn*, 2015 U.S. Dist. LEXIS 179748, at *5 (E.D. Tex. June 30, 2015) ("Defendants seeking a transfer cannot carry their burden [with] unsupported assertions, but rather they must properly establish relevant venue facts by affidavit, deposition or otherwise.") (citations omitted).

[3] Judge Payne found the public FNC factors to be neutral. R&R at 8.

submitted an expert report, and trial was just months away.

The Court should conduct a *de* novo review (*see* 28 U.S.C. § 636(b)(1)), reject the R&R, and deny VW's MTD.

## ARGUMENT

Judge Payne erred when he concluded that the "private interest factors weigh in favor of dismissal." R&R at 5. Neither factor he addressed—the relative ease of access to sources of proof and the convenience of witnesses—points to Germany as a clearly more convenient forum.

### 1. The first "private interest" FNC factor does not favor Germany.

The first "private interest" FNC factor concerns the "relative ease of access to sources of proof" and "concerns documents and other physical evidence." *Seasons USA, Inc. v. Fun World, Inc.*, 2023 U.S. Dist. LEXIS 150281, at *4-5 (E.D. Tex. Aug. 24, 2023). Judge Payne's conclusion that "Germany . . . would be the more convenient forum for the production of evidence" (R&R at 6) fails for multiple reasons.

First, while Judge Payne focused on the alleged location of VW's sources of proof, improperly dismissing all other sources of proof, in its MTD, VW failed to provide *any* evidence that identified where its documents are located, as Prevent explained in its MTD response. *See* Dkt. 88 at 12. This alone should have been dispositive. *Blackburn*, 2015 U.S. Dist. LEXIS 179748, at *5 (a defendant "seeking a transfer cannot carry [its] burden by merely making unsupported assertions") (citations omitted); *Monarch Networking Sols. LLC v. Cisco Sys.*, 2021 U.S. Dist. LEXIS 1551, at *15 (E.D. Tex. Jan. 5, 2021) ("[T]he Court should not have to hazard a guess as to where those locations might be. Consequently, the Court finds that the locations of Cisco's data storage sites has a neutral effect on the first private factor—not because physical location is unimportant, but because it has not been established."). And while VW attempted to backfill this

evidentiary gap in its MTD reply, black-letter law required Judge Payne to find VW's arguments waived. *Hammers v. Mayea-Chang*, 2019 U.S. Dist. LEXIS 213039, at *21 n.10 (E.D. Tex. Dec. 11, 2019) ("For the first time in their reply brief, Defendants [identify a new source of proof] and suggest that source of proof justifies transfer. . . . [T]he Court finds that this argument is waived."). Finally, even if permitted, VW's attempt to backfill its initial failure of proof does not support Judge Payne's conclusion that *Germany* is "the more convenient forum for the production of evidence." R&R at 6. This is because, as a VW witness explained in a declaration submitted with VW's MTD reply, VW also stores its witnesses' documents in *Ireland*. Dkt. 91-30 ¶ 3.

Second, Judge Payne's conclusion that the location of VW's documents "strongly" supports dismissal is erroneous because, as Prevent demonstrated, without rebuttal from VW, all of VW's documents are *electronic*.[4] The Fifth Circuit recently explained that "'[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature.'" *Seasons USA, Inc.*, 2023 U.S. Dist. LEXIS 150281, at *5 (quoting *In re Planned Parenthood*, 52 F.4th at 630). The location of VW's sources of proof thus cannot weigh "strongly" in favor of dismissal, as Judge Payne concluded. Indeed, in other cases, Judge Payne found that, "without indication that . . . documents are stored in an otherwise non-digitally transferrable format, they do *not* weigh in favor of transfer" in a § 1404 analysis.[5] At most, as this Court and

---

[4] *See* Dkt. 88-4 at 10 ("[D]efendants identified, collected, and reviewed a large set of documents from various *central repositories* . . . . Defendants then collected hundreds of thousands of documents from central repositories, [and] *ran search terms over those sets*.").

[5] *Seasons USA*, 2023 U.S. Dist. LEXIS 150281, at *6; *see also Knott v. Completion Equip. Rental, Inc.*, 2024 U.S. Dist. LEXIS 58941, at *9 (E.D. Tex. Feb. 15, 2024) ("[T]he Court finds . . . electronic evidence neutral."); *Emerging Auto. LLC v. Kia Corp.*, 2024 U.S. Dist. LEXIS 111535, at *9-10 (E.D. Tex. June 14, 2024) ("The Court finds that this factor is neutral in the transfer analysis. As an initial matter, neither party asserts that any physical documents or evidence exist in either district, lessening the weight of this factor in the transfer analysis.") (citations omitted).

other courts within this District have repeatedly found after *In re Planned Parenthood*, the location of VW's servers should have been entitled to only "*minimal*" or "*slight*" weight.[6]

Third, Judge Payne erroneously placed no weight on sources of proof associated with Prevent. This makes no sense, and, as Prevent explained in its response to the MTD, the data of Prevent custodians is maintained on servers located in the United States, Germany, Brazil, and Bosnia and Herzegovina. Dkt. 88-1 ¶ 21. Notably, Prevent also maintains *hard-copy* documents in Marshall. *Id.* And while Judge Payne dismissed Prevent's U.S.-based—and Marshall-based—documents and activities as not "relevant . . . here" (R&R at 6), that was inappropriate for multiple reasons. As an initial matter, Judge Payne purported to weigh in on a *factual* matter that is hotly disputed: the extent to which Prevent—the plaintiff in this action (as opposed to its European affiliates)—was actually blocked by VW from acquiring U.S.-based suppliers.[7] This was error. *Knott*, 2024 U.S. Dist. LEXIS 58941, at *4 ("In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but *must draw all reasonable inferences and resolve factual disputes in favor of the non-movant*."). And, in any event, Prevent offered

---

[6] *See Lionra Techs. Ltd. v. Fortinet, Inc.*, 2023 U.S. Dist. LEXIS 202763, at *8 (E.D. Tex. Nov. 12, 2023) ("[S]ince Fortinet exclusively identifies evidence stored on servers, i.e. in electronic form, located in both the Northern District of California and Vancouver, the weight of this factor is minimal. Such electronic storage is readily accessible from any district. *In re Planned Parenthood*, 52 F.4th at 630. This is particularly true of the source code and other documents maintained on servers in Vancouver. Fortinet has not shown there would be any difference between sending electronic files from Vancouver to Texas compared to California."); *Virtualagility, Inc. v. Salesforce.com, Inc.*, 2014 U.S. Dist. LEXIS 12015, at *13 (E.D. Tex. Jan. 31, 2014) ("This Court, viewing all the relevant evidence presented before it, concludes that the ease of access to sources of proof factor weighs very slightly in favor of transfer."); *Holloway v. City of Fort Worth*, 2024 U.S. Dist. LEXIS 4408, at *12-14 (E.D. Tex. Jan. 9, 2024); *Le v. Lockheed Martin Corp.*, 2023 U.S. Dist. LEXIS 224615, at *12 (E.D. Tex. Dec. 18, 2023).

[7] *See* R&R at 6-7 ("At the hearing, the parties presented conflicting accounts of how far Prevent went in attempting these acquisitions, but Volkswagen presented some evidence that such an attempt never occurred. While Prevent contended it had forthcoming evidence counter to that narrative, it never contended that Mr. Laudermilk [sic] or Prevent USA as a Texas corporation were ever involved.").

substantial evidence that *it*—*i.e.*, the plaintiff in this action—did in fact attempt to acquire various suppliers with significant U.S. operations, including, most recently, IAC. *See, e.g.*, Dkt. 88-15 ¶¶ 8-18 (explaining the chronology of Prevent USA's attempts to acquire IAC); Dkt. 110 at 2-3 (detailing instances of VW's interference in Prevent USA's acquisitions efforts). Finally, Judge Payne's observation that, because VW has successfully blocked Prevent from the relevant market, "there is no showing that [Prevent's Marshall-based CEO] or Prevent USA undertake any relevant activity here" (R&R at 6) ignores that, as the party that has been injured by VW's conduct, Prevent is uniquely in possession of documents on this issue that are relevant as a matter of law. *Virtualagility*, 2014 U.S. Dist. LEXIS 12015, at *11 ("Evidence regarding the nature and extent of Plaintiff's injury is highly relevant to this litigation.").

Fourth, Judge Payne inexplicably wrote off all third-party sources of proof reasoning that discovery from them "would be *expected* to only provide a small portion of the relevant evidence" and "it is *unclear* if there is any relevant discovery to be had from these third parties." R&R at 7. These statements cannot be reconciled with the record. As Prevent explained in its MTD surreply, several U.S.-based third parties made *substantial* productions to Prevent, which dwarf VW's own production of documents.[8] For example, (i) one of the suppliers Prevent attempted to acquire (Dura) produced 23,949 documents; (ii) Houlihan Lokey (an investment bank) produced 35,039 documents; and (iii) Jeffries (an investment bank) produced 252 documents. *See* Dkt. 94 at 7; Dkt. 94-1 ¶ 9. Indeed, each one of the three acquisition targets that are the subject of the expert report Prevent served on VW before Judge Payne issued the R&R—Dura, a supplier of control and structural systems headquartered in Auburn Hills Michigan; Tower, a supplier of metal automotive body structures

---

[8] VW produced only approximately 30,000 documents to Prevent.

headquartered in Livonia, Michigan; and IAC (and its private equity owner Gamut), the largest injection molder in North America, which maintains substantial operations in Arlington (Texas), Alma (Alabama), and Southfield (Michigan)—produced documents in response to Prevent-issued subpoenas. *See* Dkt. 123 at 2-3. What's more, at the time Judge Payne stayed the litigation in light of the forthcoming R&R, Prevent (i) was actively litigating two third-party subpoenas it served on two of VW's Michigan-based co-conspirators (Adient US LLC and Lear Corporation);[9] and (ii) had served subpoenas on two U.S.-based former executives of Tower, one of whom previously indicated in writing—and in English—that VW was the reason Tower refused to sell itself to Prevent. *See* Dkt. 94-6 ¶¶ 5-6 & Ex. A (Dkt. 94-7). As such, Judge Payne's conclusion that there are no third-party sources of relevant discovery is flatly wrong.

When all of the sources of proof are accounted for, the first "private interest" FNC factor does not support dismissal in favor of a German forum. There is no conceivable burden with VW producing electronic documents in this action (in fact, before the R&R issued, VW had completed its document production); Prevent's own documents are located throughout the world (including in Marshall); and third-party sources of proof are unquestionably located in the U.S. and have already yielded tens of thousands of relevant documents.

2.      **The third "private interest" FNC factor does not favor Germany.**

The third "private interest" FNC factor looks to "[t]he convenience of willing witnesses [and] considers both party witnesses and willing third-party witnesses." *Seasons USA*, 2023 U.S. Dist. LEXIS 150281, at *7-8. Judge Payne's conclusion that Germany is the "more convenient forum for . . . willing witnesses" (R&R at 6) is erroneous for three distinct reasons.

---

[9] On May 17, 2024, the Magistrate Judge presiding over Prevent's motions to compel issued an R&R recommending that the parties' disputes be transferred to this Court. *See* Dkt. 119.

First, the MTD did not identify *any* witnesses—party or non-party—who would be inconvenienced if they were to attend trial in this Court, as opposed to Germany. This failure of proof was dispositive, as Judge Payne found in other cases. *Seasons USA*, 2023 U.S. Dist. LEXIS 150281, at *7 ("Without specific identification of . . . witnesses . . . , the Court can neither weigh this factor in favor or against transfer.").

Second, unlike VW, Prevent identified several relevant third-party witnesses—former employees of Prevent—who have committed to appearing at trial in this Court, although they were under no obligation to do the same in Germany. Dkt. 88 at 16-17; Dkt. 94-14, 94-16, 94-20. And *all* of Prevent's witnesses submitted sworn declarations demonstrating that they would willingly appear in this Court and would not be inconvenienced by it. This fact weighed against dismissal,[10] but Judge Payne ignored it.

Third, VW's suggestions that its unidentified *party* witnesses would prefer to appear in Germany should have been given no weight in the analysis[11] and are, in any event, refuted by the record. As Prevent explained in its MTD response—without any rebuttal from VW—the four key VW trial witnesses are Ralf Brandsätter, Tanja Ernst, Frauke Eßer, and Thomas Golden. Dkt. 88 at 18.[12] But *not one* of these witnesses resides in Germany. What's more, collectively, these

---

[10] *ContentGuard Holdings, Inc. v. Google, Inc.*, 2014 U.S. Dist. LEXIS 201131, at *15 (E.D. Tex. Apr. 16, 2014) ("[T]ransferring the case to NDCA may actually result in a *lesser* attendance of these non-party witnesses.").

[11] *Vargas v. Seamar Divers Int'l*, 2011 U.S. Dist. LEXIS 54386, at *15 (E.D. Tex. May 20, 2011) ("In other words, witnesses that are a party or a party's officers are not considered. In addition, current employees have an employment relationship with a party and should be considered party witnesses because they can be presumed to appear willingly on behalf of their party employer.").

[12] Brandstätter, Volkswagen's former CEO, was the architect of Project 1. *See* SAC ¶¶ 105, 110, 117. Ernst was a senior member of Volkswagen's Procurement Interior Coordination – Seating Department and a key member of the Project 1 team. *See* Dkt. 88-1 ¶ 20 & Dkt. 88-2. Eßer was Volkswagen's Reactive Risk Management Corporate Purchasing Department. *Id.* Prevent believes that Ernst and Eßer were deeply involved in Volkswagen's efforts to block Prevent's attempted

witnesses are physically located *closer to this Court*, and as such proceeding here is objectively less burdensome for VW's own witnesses.

| Custodian | Location | Distance to Wolfsburg, Germany (in miles) | Distance to Marshall, Texas (in miles) |
|---|---|---|---|
| Ralf Brandsätter | Beijing, China | 4,664[13] | 7,058 |
| Tanja Ernst | Poznan, Poland | 258 | 5,260 |
| Frauke Eßer | Puebla, Mexico | 5,689 | 645 |
| Thomas Golden | Chattanooga, USA | 4,580 | 548 |
| | TOTAL | **15,191** | **13,511** |

Without explanation, Judge Payne ignored Prevent's showing, and that was error.

*   *   *

At bottom, Judge Payne incorrectly weighed the only two "private interest" FNC factors addressed in the R&R. Neither factor points to Germany as a clearly more convenient forum. With respect to factor one, the record demonstrates that relevant sources of proof are located throughout the world—including in the U.S.—and there are no practical discovery impediments to proceeding here. Indeed, the best proof that obtaining discovery in this forum was not burdensome is that, by the time the R&R issued, fact discovery was complete. With respect to factor three, proceeding in Germany would merely shift inconvenience from one forum to another; that is insufficient for dismissal.

## **CONCLUSION**

For the foregoing reasons, Prevent requests that the Court reject the R&R and deny VW's MTD.

---

acquisition of numerous entities. *See id.* ¶ 20 & Dkt. 88-2; SAC ¶¶ 116-125. Golden appears to have provided boots on the ground for the execution of the Project 1 plan in the U.S.

[13] All distances calculated using the calculator available at https://www.distance.to/.

Dated: July 8, 2024

Respectfully submitted,

*s/ Samuel F. Baxter*
Samuel F. Baxter
sbaxter@mckoolsmith.com
Jennifer L. Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
(903) 923-9000
Fax: (903) 923-9099

Radu A. Lelutiu
rlelutiu@mckoolsmith.com
James Hartmann Smith
jsmith@mckoolsmith.com
Melissa Cabrera
mcabrera@mckoolsmith.com
MCKOOL SMITH P.C.
1301 Avenue of the Americas
New York, New York 10019
(212) 402-9400
Fax: (212) 402-9444

***ATTORNEYS FOR PLAINTIFF PREVENT U.S.A. CORPORATION***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 8, 2024 to counsel of record via the Court's ECF System.

*/s/ Samuel F. Baxter*
Samuel F. Baxter
